FRANK LIPPKE, Appellee, v. PORTABLE MILLING COMPANY, Appellant.

No. 41510.

OCTOBER 25, 1932.

Smith & Smith, for appellee.

H. S. Hunn, for appellant.

Evans, J.—The purport of the contract sued on is sufficiently indicated by the following provisions thereof:

"The Portable Milling Company of Des Moines hereby agrees to employ one Frank Lippke of Cherokee, Iowa, hereinafter referred to as the operator, to operate a mill in the town of ................... and Cherokee County, Iowa State.

"The Portable Milling Company is to furnish all the milling equipment complete, consisting of two parts, first Ford chassis, cab and truck, second, milling unit, consisting of·mill motor, dust collector, elevator and all of the equipment above the truck, carry compensation insurance on employee liability and fire insurance on the mill, furnish price list, to assist in every way possible in building up a profitable business, instruct the operator in the proper handling of a mill, do such advertising as would seem advisable and furnish uniforms at a charge of Two Dollars ($2.00) per uniform to be worn during every day of employment. All operating expense to be paid by the Portable Milling Company.

"The Portable Milling Company agree to pay the operator One Hundred Ten Dollars ($110.00) a month which will be advanced at rate of Five Dollars ($5.00) per month, salary not to exceed One Hundred Twenty-five Dollars ($125.00) monthly, increase to depend upon satisfactory service rendered. Salary to be paid first and 14th of each month, based upon eight (8) hours' work each day and six (6) days a week for the entire duration of the month. It is the intention of this agreement that the operator shall work full days during the entire month with the exception of Sundays and holidays. In addition to the salary designated, the operator shall receive 5% on all business done in excess of Four Hundred Dollars ($400.00) per month, which bonus shall be paid monthly.

"Operator agrees to deposit with the Portable Milling Company Twelve Hundred Fifty Dollars ($1250.00) upon which the operator received (4%) four per cent per annum, payable quarterly, which is secured by the milling unit which he has in his possession, and which sum the Portable Milling Company promises to pay to the operator upon the termination of this contract. Two Hundred Fifty Dollars ($250.00) to be deposited upon the signing of this contract

as evidence of good faith and assurance that the contract will be carried out, and the balance One Thousand Dollars ($1000.00) to be paid upon the beginning of the operator's employment on or about July 15, 1931. * * *

"Upon termination of this agreement or contract by either party according to the agreement, the Portable Milling Company will refund the Twelve Hundred Fifty Dollars ($1250.00), deposit plus unpaid interest when the mill has been delivered to the Portable Milling Company Factory at Des Moines, Iowa. * * *?"

The amount of the plaintiff's guarantee deposit is alleged to be the sum of $1000 and the compensation due him is alleged to be the sum of $356.00.

The appellant renews here the contention made by special appearance to the effect that the district court had no jurisdiction because of the pendency of the receivership proceeding.

Sufficient to say that the mere pendency of a receivership in the Federal court does not necessarily oust the jurisdiction of local courts over the defendant and its property. True, a conflict of jurisdiction might arise in a given case. Upon a showing to that effect it would be the duty of the state court to respect the proper jurisdiction of the Federal court and to interpose no impediment thereto. We have nothing of that kind here. There was a purported hearing herein of which no record was made. Appellant's abstract so states. This fact of itself is fatal to the appellant. Furthermore the abstract states that the respective attorneys exhibited to the court copies of purported orders made in the Federal court. The last order so made was as follows:

"This order, however, is not to be construed as authorizing the receiver to take possession of property held by third parties as security for existing liens or to alter or change rights or liabilities under existing contracts between the Portable Milling Company and operators of portable milling units."

The plaintiff's cause of action comes clearly within the saving proviso above quoted. We have no argument for appellee; nor do we need any.

The judgment below is affirmed.—Affirmed.

STEVENS, C. J., and DE GRAFF, KINDIG, WAGNER, and BLISS, JJ., concur.